PERFECTION WINDOW CLEANER CO. *v.* BOSLEY.

*(Circuit Court, N. D. Illinois.* ——, 1880.)

PATENT—DEVICE PATENTABLE.—A device which is merely the result of mechanical skill is not patentable.

SAME—SAME—RUBBER WINDOW CLEANERS.—A device for cleaning windows, consisting of a handle or holder, with an elastic or rubber strip attached to one edge, with a tubular rubber bearing or support therefor, embodies nothing but mechanical skill and is not patentable.

*Munday & Evarts,* for complainant.
*Mr. Paine* and *Mr. Bonney,* for defendant.

DYER, D. J. This is a bill to restrain the infringement, by the defendant, of letters patent granted to William C. Gayton, dated April 9, 1878, and re-issued September 3, 1878, for an improvement in window cleaners. The important question in the case relates to the patentability of the alleged invention. It is alleged that the defendant infringes all of the first four claims as they are stated in the re-issued patent. Those claims are described as follows: *First,* an improved window cleaner, consisting of a handle or holder, an elastic rubbing strip attached by one edge to said holder, and a bearing or support for said strip near its outer edge, said parts being combined substantially as described; *second,* the holder having its back extended and lying underneath the projecting strip, jointly with the bearing or support located thereon and the rubbing strip, substantially as described; *third,* the combination with the holder of the elastic rubbing strip and a

yielding bearing or cushion, substantially as and for the purpose set forth; *fourth*, in combination with the elastic strip B, attached to a suitable holder or bearing or cushion C, of India rubber, made tubular in form, substantially as described and for the purpose set forth.

The alleged invention then consists, as described in the specifications and claims in the patent, and as appears from the specimen which has been put in evidence, of a handle or holder, in a groove, upon or near the upper edge of which is inserted a strip of rubber, attached by the lower edge to the holder within the groove, and a bearing or support for and lying behind the strip, made also of rubber, and tubular in form, the parts being so adjusted that the edge of the rubber strip, as it is used, comes in contact with the glass; this rubbing strip being placed at such an angle as will cause such contact to be effected in the practical use of the implement. I do not understand that the proposed invention embraces any particular form or style of handle, or frame, with which the rubbing strip is connected. The essence of the alleged invention is the attachment of the rubbing strip to the holder at such an angle as will, in its use, bring the edge of the rubber in contact with the glass, and in the elastic or yielding support against which the rubber rests. This is apparent from the specifications, which state that the "invention relates to a device for drying and cleaning window-panes, mirrors, and like smooth surfaces, after they have been washed in the usual manner, and it consists, *first*, in employing, upon a suitable holder, an elastic strip, attached at one edge to the holder, and thence projecting forward and outward, and sustained or stayed by means of a bearing or support beneath it—that is to say, as between it and the holder, at or near its opposite edge; *secondly*, in having the support of a yielding character, whereby uniformity of contact between the rubber strip and the glass is insured; *thirdly*, in making the bearing tubular in form and of India rubber, whereby it best answers the purpose for which it is designed; *fourthly*, in combining with the rubber strip and holder two thick rubber plates, fastened one to each end of the holder behind the rubber strip, to form a

backing for the same and adapt it to enter the corners of the sash."

Now, the question is does the construction of this device involve invention within the meaning of the patent law? That it may and does produce a useful result is undoubtedly true, but does its construction involve anything more than mechanical skill? In the case of *Reckendorfer* v. *Faber*, 9 Otto, 347, it was settled by the supreme court that the granting of letters patent and the decision of the commissioner on the question of invention, its utility and importance, is not conclusive; that his decision in the allowance and issue of a patent creates a *prima facie* right only, and upon all the questions involved therein the validity of the patent is subject to an examination by the courts.

The erasive and cleaning qualities of rubber have been long known. Its use in cleaning window-glass is but a new use of an old and well-known article. Long used for erasing pencil marks upon paper, there is nothing new or in the nature of discovery in the application or use of this article in cleaning window-glass. The idea of the patentee in putting rubber to such a use may be, and undoubtedly was, an excellent one; but the question is, is his device in its construction, and with reference to its own use in connection with an old and well-known material, of such character as to entitle him, under his patent, to protection as an inventor?

As was said by the supreme court in *Reckendorfer* v. *Faber*, *supra*, "this device is for the performance of a mechanical operation to produce mechanical results, and is a mechanical instrument as much as a brush, a pen, a stamp, a knife, a rule, or a screw. Whether it is styled a manufacture, a tool, or a machine, it is an instrument intended to produce a useful mechanical result, * * * Does it embody any new device or any combination of new devices producing a new result?"

The combination consists only in the adjustment of the rubbing strip, and the supporting tubular cushion, in such manner as will bring the edge of the strip in contact with the glass. Now, "the law requires more than a mere juxta-

position of parts, or of the external arrangement of things, to give patentability." *Hailes* v. *Van Wormer,* 20 Wall, 353. "Mechanical skill is one thing; invention is a different thing. Perfection of workmanship, however much it may increase the convenience, extend the use, or diminish expense, is not patentable." *Reckendorfer* v. *Faber, supra.*

The distinction between mechanical skill and inventive genius is well understood. In my judgment, the device in question, in its construction, involved only mechanical skill. It is the case of the new use of an old and well-known article, so adjusted to an ordinary handle or holder as to make it capable of such new use; the adjustment of parts being purely mechanical, and only requiring the exercise of mechanical ingenuity.

There was exhibited to the court, as showing the state of the art when the letters patent in question were granted, an instrument previously used in cleaning the decks of ships, which consists of a broad strip of rubber firmly inserted in a wooden holder, connected with which is a handle, and which in its cleaning operation performs the service and is somewhat in the form of an ordinary mop. It thus appears that rubber so arranged and adjusted, had been previously used for cleaning purposes, and although this implement, because of its size and general form, would not be adapted to the particular use of cleaning windows, I cannot but think that the construction of complainant's device was but the carrying forward, or new, or more extended application of a thought original with others, and not such an invention as will sustain a patent. Furthermore, in 1873, what is known as the Morrison patent was issued, which was a patent for a scouring utensil, provided with scouring surfaces consisting of India rubber, and, although the form of this utensil as set forth in the drawings accompanying the letters patent is essentially different from complainant's device, it being a solid piece of rubber attached to a handle in the form of a hair-brush, it is apparent that the idea of using India rubber for scouring and cleaning purposes was not new with the patentee in the Gayton patent, and if the Morrison patent be valid I deem it a

serious question whether it does not anticipate complainant's. However that may be, I am of the opinion that complainant's device is but the result of the exercise of mechanical skill; that it is wanting in such characteristics as entitle it to be regarded as a new and original invention, within the meaning of the patent law, and hence that it does not possess the essential element of patentability.

A decree will be entered dismissing the bill